## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Arlin D. Yons,<br>                    Debtor | Chapter 13 |
| U.S. Bank National Association, as trustee, in trust for registered holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-FF18,<br>                    Movant,<br>vs.<br>Arlin D. Yons,<br>                    Debtor / Respondent,<br>and<br>Frederick L. Reigle,<br>                    Trustee / Respondent. | Case No.: 15-12984-ref<br><br>Hearing Date: January 5, 2017<br>Time: 9:30 a.m.<br>Location: Courtroom #1 |

**ORDER APPROVING LOAN MODIFICATION AGREEMENT**

THIS MATTER having come before the Court upon the Motion of U.S. Bank National Association, as trustee, in trust for registered holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-FF18 for an Order approving a Loan Modification Agreement, attached hereto as Exhibit "A", executed by Debtor, Arlin D. Yons, on July 23, 2015, and the Chapter 13 Trustee and all parties who have filed a notice of appearance in the case having been given proper notice, and no objections having been filed, and it appearing that said loan modification is proper and in the best interest of the Debtors and the estate, it is hereby

AND NOW, is hereby ORDERED as follows:

1. Movant's Motion is hereby granted and the Loan Modification Agreement attached to the Motion as Exhibit "A" is approved.

2. Movant's Mortgage secured by real property owned by the Debtors located at 4375 Apple Blossom Drive, Upper Saucon, PA 18034 and dated 10/06/2006 in the original principal amount of $188,000.00 is hereby modified in accordance with the terms set forth in the Loan Modification Agreement attached to the Motion as Exhibit "A".

3. The Chapter 13 Trustee shall suspend disbursements to secured creditor pending completion of the loan modification and all money that would otherwise be paid to secured creditor, be held until the arrearage portion of the claim is amended to zero or the claim is withdrawn, or the Trustee is notified by the secured creditor that the modification was not consummated;

4. In the event the modification is not consummated, the secured creditor shall notify the Trustee and Debtors' attorney of same. Any money that was held by the Trustee pending completion of the modification shall then be paid to secured creditor;

5. In the event the Proof of Claim is amended to zero or withdrawn, the Trustee may disburse the funds being held pursuant to this order to other creditors in accordance with the provisions of the confirmed plan.

6. In the event the Trustee has disbursed payments on account of Pre-petition Arrears to the Secured Creditor the Proof of Claim will be amended to reflect the amount that has been paid.

7. Debtor shall file an Amended Schedule J and Modified Plan within twenty (20) days of this Order;

8. Communication and/or negotiations between Debtor and mortgagee/mortgage servicers about loan modification shall not be deemed as violation of the automatic stay; and any such communication or negotiation shall not be used by either party against the other in any subsequent litigation.

BY THE COURT:

**Date: December 22, 2016**

_____
Hon. Richard E. Fehling, U.S.B.J.

cc:

Matthew C. Waldt, Esquire
Jon M. Adelstein, Esquire
Frederick L. Reigle, Trustee
Arlin D. Yons